UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL ROSS,                           :
                                              CIVIL ACTION NO. 3:21-0726
         Petitioner           :

                                              (JUDGE MANNION)
    v.                                   :

WARDEN STEPHEN SPAULDING   :

         Respondent         :

## MEMORANDUM

Petitioner, Michael Ross, an inmate confined in the United States Penitentiary Camp, Lewisburg, (USP-Lewisburg Camp) Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner requests a Court Order, directing that he be permitted to serve the remainder of his sentence in home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, §12003(b)(2) (2020). Id. On August 5, 2021, Respondent filed a response. (Doc. 10). Although provided an opportunity to file a traverse, Petition did not file a traverse. The petition is ripe for disposition. For the reasons set forth below, the Court will dismiss Petitioner's §2241 petition without prejudice for lack of jurisdiction.

## I. Background

Section 12003 of the CARES Act gives the Director of the BOP discretion to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under" 18 U.S.C. §3624(c)(2). See CARES Act §12003(b)(2). "Congress codified this section of the CARES Act, in large part, 'to provide BOP a tool by which to alleviate COVID-19 concerns in federal prisons.'" Adams v. Trate, Case No. 1:20-cv-237, 2020 WL 7337806 (Dec. 14, 2020) (quoting United States v. Mathews, 2020 WL 6781946, at *2 (E.D. Pa. Nov. 18, 2020)) (citing CARES Act §12003(a)(2)).

In assessing whether home confinement should be granted, the BOP considers the totality of circumstances for each individual inmate, the statutory requirements for home confinement, and a non-exhaustive list of discretionary factors including the age and vulnerability of the inmate to COVID-19, the security level of the facility currently holding the inmate, the inmate's conduct in prison, the inmate's score under the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN"), the inmate's home reentry plan, and the inmate's crime of conviction and assessment of the danger posed by the inmate to the community. (Doc. 10 at 7).

On October 2, 2019, Ross was sentenced in the United States District Court for the Southern District of Florida to a forty-six-month sentence for Conspiracy to Import Oxycodone and Conspiracy to Possess with Intent to Distribute Oxycodone and Anabolic Steroids. (Doc. 10-1 at 4, Public Information Inmate Data). His projected release date is May 1, 2022, and he is scheduled for halfway house placement on December 1, 2021. Id.

On March 31, 2021, Ross filed Administrative Remedy No. 1073827-F2, claiming that he was "denied fair consideration of early release under the CARES Act" because of his "refusal to take a vaccine that has only a limited use authorization" and for "non-completion of RDAP because [he] refused to lie or have inadequate stories about drug use." (Doc. 1 at 17).

By Response dated April 1, 2021, Warden Spaulding denied Petitioner's Administrative Remedy as repetitive, stating that "a review of this matter reveals this same issue was previously addressed in Administrative Remedy number 1031235-F1." (Doc. 1 at 16, Administrative Remedy Response). The record reveals no other grievances, or appeals, filed prior to Petitioner filing the instant action on April 20, 2021. Petitioner, himself, indicates on the face of his petition that he failed to file any further appeal or administrative remedy. (Doc. 1 at 2).

## II. Discussion

A prisoner must exhaust all stages of the administrative remedy system prior to filing a habeas petition under 28 U.S.C. §2241. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) ("A federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all administrative remedies."); Arias v. U.S. Parole Comm'n, 648 F.2d 196 (3d Cir. 1981). Requiring inmates to exhaust their remedies serves a number of purposes, such as "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62. Exhaustion of administrative remedies requires compliance with an agency's deadlines, other critical procedural rules, and all steps of the available administrative process. Woodford v. Ngo, 548 U.S. 81, 90-92 (2006); Jones v. Bock, 549 U.S. 199, 218 (2007) (proper exhaustion defined by applicable prison requirements).

In order to exhaust administrative remedies, a federal prisoner must first attempt to informally resolve the dispute with institution staff. See 28 C.F.R. §542.13. Then, if informal resolution efforts fail, the prisoner may raise

his complaint to the warden of the institution in which he is confined. See 28 C.F.R. §542.14. If the warden denies the administrative remedy request, the prisoner may next file an appeal with the regional director within twenty days from the date of the warden's response. See 28 C.F.R. §542.15. Finally, if the regional director denies the appeal, the prisoner may then appeal that decision to the general counsel of the Federal Bureau of Prisons within thirty days from the date of the regional director's response. See 28 C.F.R. §542.15. The requirement that prisoners first exhaust their administrative remedies applies even for requests for home confinement due to the Covid-19 pandemic. See, e.g., Cordaro v. Finley, No. 3:10-CR-75, 2020 WL 2084960, at *5 (M.D. Pa. April 30, 2020).

Here, Petitioner's own petition demonstrate that he has failed to exhaust his administrative remedies. The record reveals that Petitioner filed administrative remedies as far as the level of the Warden. There is no indication that the remedies were appealed to final review. Thus, Petitioner has failed to exhaust his administrative remedies and the petition must be denied. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Ross to invoke the judicial process despite failing to complete administrative review.

Even if Ross had exhausted his request at the administrative level, his claim would still fail. Every court which has considered the question appears to have concluded that "the CARES Act provides the discretion for determining early home confinement release solely to the BOP." United States v. Mathews, 2020 WL 6781946, at *2 (E.D. Pa. No. 18, 2020) (citing CARES Act §12003(a)(2)). See also United States v. Ramirez-Ortega, 2020 WL 4805356, at *3 (E.D. Pa. Aug. 14, 2020) ("Importantly, the BOP has sole authority to determine which inmates to move to home confinement" under the CARES Act). As such, this Court has no authority to review the BOP's home confinement determination or direct the BOP to transfer a prisoner to home confinement. See 18 U.S.C. §3621(b)(5) (BOP's designation as to home confinement "is not reviewable by any court"). See also United States v. Robinson, 2020 WL 5793002, at *5 n. 2 (M.D. Pa. Sept. 28, 2020) ("[T]he Court does not have authority to grant [a] request" for release to home confinement due to the COVID-19 pandemic because "the determination of an inmate's place of incarceration is committed to the discretion of the BOP director"); Ramirez-Ortega, 2020 WL 4805356, at *3 (noting that the BOP's home confinement determination "is not reviewable by courts"); United States v. Pettiway, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020) ("Regardless of the nature of defendant's medical condition or the existence

of the coronavirus pandemic, Congress did not provide the courts with the authority to release inmates into home confinement at an earlier time under the CARES Act."). Because this Court cannot provide the relief requested by Ross under the CARES Act, his §2241 Petition should be denied.

Finally, to the extent that Ross challenges his conditions of confinement, federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Consequently, any issues unrelated to the fact or duration of Petitioner's detention and are not appropriately raised in a petition for writ of habeas corpus, but rather must be pursued through the filing of a Bivens[1] action.

## III. Conclusion

Based on the foregoing, Ross' petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 will be dismissed for Petitioner's failure to exhaust administrative remedies and because this Court lacks jurisdiction over the BOP's decision with respect to an inmate's release on home confinement.

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to §2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  November 15, 2021**
21-0726-01